IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

        Plaintiff,                Case No. 03-687-HO

        v.                    ORDER

RAN LE, et al.,

        Defendants.

Plaintiff moves for default judgment against defendant Khamphanh Mounarath, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Mounarath. See Order dated April 8, 2004.

## Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9ᵗʰ Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9ᵗʰ Cir. 2002). The complaint alleges Mounarath purchased two or more "pirate access devices," including a "programmer," and an "unlooper," using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 13. The complaint further alleges defendants (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a).[1] Complaint at 6-7. Based on these allegations, the court finds Mounarath liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9ᵗʰ Cir.

---

[1]Plaintiff withdraws the third claim for violalation of 18 U.S.C. § 2512(1)(b).

1986). In this case, resolution on the merits is not possible, because Mounarath has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Mounarath's non-appearance; and nothing suggests Mounarath's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Mounarath is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000, or more than

3 - ORDER

$10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so, it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness, the programmer purchased by Mounarath is designed and/or marketed to be used to permit the illegal writing of code to valid DIRECTV access cards for the sole purpose of obtaining access to DIRECTV satellite television programming without payment to DIRECTV, and the "unlooper" is designed to restore functionality to illegally modified DIRECTV access cards disabled by misuse or DIRECTV's electronic anti-piracy measures. Sichler Decl., ¶¶ 30-31. The witness further states that Mounarath created a pending DIRECTV account on September 29, 1999, a pending account is created when a customer purchases a DIRECTV satellite system, and Mounarath possessed all the equipment necessary to receive DIRECTV programming without authorization. Id., ¶ 32. The witness concludes that upon all reasonable likelihood, Mounarath used pirate access devices to facilitate the viewing of DIRECTV programming without payment. Id., ¶ 33.

This court is handling several similar cases filed by plaintiff wherein plaintiff has sought statutory damages against

defaulted defendants.  Plaintiff faults the court for having required direct, conclusive evidence that a defaulted defendant intercepted plaintiff's signal before awarding statutory damages. In denying statutory damages, the court has in some cases referred to the absence of direct, conclusive evidence, but it has not held that circumstantial evidence cannot suffice.  See DIRECTV v. Gilbert, Civ. No. 03-1233-HO, Order dated March 3, 2005 at 3.

The court concludes that the circumstantial evidence submitted by plaintiff does not justify an award of statutory damages against Mounarath in this case.  While there is evidence that Mounarath possessed the equipment necessary to intercept plaintiff's programming, the only evidence that he successfully did so is the inference plaintiff would draw from the fact that plaintiff did not activate his account more than one year before he purchased the pirate access devices.

The court finds that plaintiff is entitled to an award of reasonable attorneys' fees and costs.  47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory);  18 U.S.C. § 2520(b)(3) (award discretionary).  Plaintiff seeks attorneys' fees in the amount of $3,219.76, and costs in the amount of $332.35.  The attorneys' fee request is reasonable, and is allowed.  Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1.  The award is based on hourly rates of $250

for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar.

The cost bill reflects costs expended for the filing fee (prorated), process server, photocopying, telephone charges, and public records search. The costs do not appear unreasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#73] and motion for attorney fees and costs [#77] relating to defendant Khamphanh Mounarath are granted to the extent provided herein.

Khamphanh Mounarath is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in

transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Khamphanh. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from Khamphanh Mounarath $332.35 in costs, and $3,219.76 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 3rd day of November, 2005.

_____
United States District Judge

7 - ORDER